

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-24-2009

# Gao v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1915

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Gao v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1830.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1830

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1915

ZHAOJING GAO,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
(No. A97-521-525)

Before: McKEE, FUENTES and WEIS, *Circuit Judges*.

Submitted pursuant to Third Circuit LAR 34.1(a)
July 24, 2008

(Opinion filed: February 24, 2009)

OPINION

McKEE, *Circuit Judge*.

Zhaojing Gao petitions for review of a final order of the Board of Immigration

Appeals which affirmed the decision of an Immigration Judge denying his applications

for asylum, withholding of removal and relief under the Convention Against Torture

("CAT"). For the reasons that follow, we will deny the petition for review.

1

## I.

Because we write primarily for the parties, who are intimately familiar with the facts of this case, we will recite only such facts and procedural history as are necessary for our disposition of this petition for review.

To be eligible for asylum under Section 208 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158, an applicant must establish "persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *See* 8 U.S.C. § 1101(a)(42)(A). To be eligible for withholding of removal under Section 241(b)(3) of the INA, the applicant must demonstrate that his "life or freedom would be threatened in [the country of removal] because of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). An alien who has failed to satisfy the standards for asylum is necessarily ineligible for withholding of removal. *Zubeda v. Ashcroft*, 333 F.3d 463, 469-70 (3d Cir. 2003). To qualify for relief under the CAT, the applicant must demonstrate that it is more likely than not that he/she would be tortured if removed. 8 C.F.R. § 208.16(c)(2).

The IJ found that Gao's asylum petition was timely[1] but that he was not credible

---

[1] An alien must prove by clear and convincing evidence that he filed his asylum application within one year of arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). However, if the alien can demonstrate "either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary

(continued...)

and could therefore not meet his burden of proving the allegations of persecution or torture. She noted, however, that if Gao were credible, she would conclude that he had met his burden of showing a well-founded fear of future persecution in China. Based on her finding of adverse credibility, however, the IJ denied Gao's requests for asylum and withholding of removal. In addition, because the IJ concluded that Gao was not credible regarding the allegations underlying his claim for asylum and withholding of removal (which were the same allegations that supported his CAT claim), the IJ found that Gao failed to establish that he qualified for protection under the CAT.

Gao appealed the IJ's adverse credibility determination to the BIA, which affirmed the IJ's decision and provided additional analysis. Where the BIA issues an opinion affirming the IJ's decision and offering additional analysis, we look to both the IJ's and the BIA's decisions. *See Abdulai v. Ashcroft*, 239 F.3d 542, 548-49 n.2 (3d Cir. 2001). We review factual findings, including adverse credibility findings, for substantial evidence. *Chen v. Ashcroft*, 376 F.3d 215, 223 (3d Cir. 2004). Under the substantial evidence standard of review, a credibility determination will be upheld unless a reasonable factfinder would be compelled to conclude to the contrary. *Id*.

---

[1](...continued)
circumstances relating to the delay in filing the application," failure to file within the one year period may be excused. 8 U.S.C. § 1158(a)(2)(D). The IJ found that Gao's application was timely filed. JA 57. Pursuant to 8 U.S.C. § 1158(a)(3), "[n]o court shall have jurisdiction to review any determination" under 8 U.S.C. § 1158(a)(2)(D). *See, e.g., Tarrawally v. Ashcroft*, 338 F.3d 180, 185 (3d Cir. 2003); *Sukwanputra v. Gonzales*, 434 F.3d 627, 633 (3d Cir. 2006).

**II.**

Our review of the record leads us to conclude that substantial evidence supports the adverse credibility findings. First, Gao submitted unauthenticated (probably fraudulent) documents to corroborate his claim that he was a Falun Gong practitioner and that his father had been hospitalized.[2] Second, there were discrepancies between Gao's

---

[2]To support his claim that he was a Falun Gong practitioner, Gao submitted (1) an alleged membership certificate issued by the Changle Falun Gong Association in June 2001, indicating that he had completed an advanced Falun Gong course, (2) an alleged written invitation to attend a Falun Gong conference in Bangkok, Thailand and (3) an alleged hospital letter dated February 1998 regarding his father's admission for mental health problems. At a hearing, a DHS Forensic Document Examiner with a speciality in authenticating Chinese documents, submitted a written report and testified that Gao's alleged Falun Gong membership certificate could not be authenticated. The Examiner also explained that both Canadian and U.S. officials confirmed that Falun Gong does not issue membership documents in China, and that they are available for a fee from schools that "facilitate immigration to the United States." JA 393. The Examiner's Report also indicated that the alleged Falun Gong invitation for the conference in Bangkok and the alleged February 1998 hospital letter regarding Gao's father's mental health illness are "probably not what they claim to be." JA 232-36. The Report advised that these two documents were consistent with numerous other documents that DHS has examined in other cases and both documents appeared to have been prepared by the same source and were given an artificial aged look by use of a brownish liquid. JA 393.

The IJ was persuaded by the DHS Examiner's report and testimony and found that the three documents Gao submitted to corroborate his story were probably not legitimate, and he had not adequately corroborated his claim. JA 55-56, 60-64. In his appeal to the BIA, Gao did not challenge this basis for his adverse credibility finding. Thus, Gao failed to exhaust his administrative remedies as to his lack of credibility based on his submission of these documents, and we have no jurisdiction to review this aspect of the IJ's decision. 8 U.S.C. § 1252(d)(1); *Bonhometre v. Gonzales*, 414 F.3d 442, 447 (3d Cir. 2005). By itself, this unreviewable finding is sufficient to support the adverse credibility decision and to deny the petition for review. *See, e.g., Matter of O-D-*, 21 I & N Dec. 1079, 1083 (BIA 1998) (holding that presentation of counterfeited documents, "in the

(continued...)

4

testimony and written asylum statement about whether the police were continuing to look for him, as well as a discrepancy with a letter written by his father on that point. Third, Gao gave inconsistent testimony about when and where he practiced Falun Gong in China. Finally, Gao's testimony that his mother was arrested was not plausible since his own witness, who lived in the United States and testified on Gao's behalf, and whose husband was a relative of Gao's mother, knew nothing about the alleged arrest or disappearance.

Absent credible testimony, on this record, Gao cannot sustain his burden of establishing that he qualifies as a refugee. Since substantial evidence supports the adverse credibility determinations, we agree that he has not established eligibility for relief from removal and we will therefore deny the petition for review.

---

[2](...continued)
absence of an explanation regarding such presentation, creates serious doubts regarding the [applicant's] overall credibility."); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("In the immigration context . . . a single false document . . . may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").